CULPEPPER, Judge.
This suit arises out of an automobile collision at the intersection of Evangeline Thruway and Jefferson Street in the City of Lafayette. Mr. Kline Grigsby was a guest passenger in a Lincoln being driven in an easterly direction on Jefferson Street by his wife, Edwina E. Grigsby. The Grigsby vehicle was struck in the intersection by a Ford Mustang driven by a IS year old minor, Eric R. Reddoch, in a southerly direction on Evangeline Thruway. As a result of its collision with the Reddoch vehicle, the Grigsby vehicle struck a 1964 Oldsmobile driven by another minor, Randy Thibodaux. The two minors were allegedly racing on the thruway. Mrs. Grigsby was killed instantly. Mr. Grigsby suffered severe personal injuries.
Mr. Grigsby and his two daughters, as survivors of their mother, filed suit against the fathers of the two minors and their insurers. These claims were compromised before trial.
Mr. Grigsby also sued Travelers Insurance Company, liability insurer of his wife. He died before trial, of causes unrelated to the accident, and his daughters were substituted as parties plaintiff.
After a trial, the district judge decided plaintiffs failed to sustain their burden of proving negligence on the part of Mrs. Grigsby. The Grigsby daughters appealed.
The sole issue is one of fact, i. e., did plaintiffs meet their burden of proving Mrs. Grigsby’s negligence ?
At the intersection in question, Evangeline Thruway is a one-way street about 35 feet wide with three lanes of travel for traffic in a southerly direction. The speed limit is 35 miles per hour. Jefferson Street is a two-way two-lane street running generally in an east-west direction. The speed limit on Jefferson is 25 miles per hour. The intersection is controlled by semaphore signals facing each lane on the Thruway, and by similar signals on Jefferson Street. These were the customary successive red — stop, yellow — caution and green — go signals. The testimony indicated the signals were working properly at the time of the accident.
Kim Simon, a passenger in the Reddoch vehicle, testified by deposition that Red-doch at one time reached a speed of 80 miles per hour along the Thruway. The Reddoch and Thibodaux cars were side by side while stopped at the intersection of the Thruway and Simcoe Street. Simon *193 stated that Thibodaux “squealed out” at a high rate of speed when the light turned green. He said Reddoch did not “squeal out” but later increased his speed, attempting to catch the Thibodaux car. Both cars proceeded through the green light at the East Third Street intersection traveling at a high rate of speed toward the Jefferson Street intersection.
The Reddoch vehicle struck the Grigsby vehicle about on the driver’s door. The collision occurred in the middle lane on the Thruway after Mrs. Grigsby had traversed almost one-half of the distance across the intersection. The two vehicles slid together in a southeasterly direction across the intersection, forcing the Grigsby vehicle to sideswipe the oncoming Thibodaux automobile. All of the vehicles eventually came to rest at the southeast corner of the intersection.
Plaintiffs contend that Mrs. Grigsby was negligent in failing to stop for a red light or that she proceeded into the intersection on the yellow light and failed to clear the intersection before the light changed to red, in violation of LSA-R.S. 32:232(2) (a). Defendant Travelers contends that Mrs. Grigsby entered the intersection on a green light. The trial judge held Mrs. Grigsby free of negligence. He apparently decided plaintiffs failed to prove that Mrs. Grigsby entered the intersection on a red light, or that she failed to clear the intersection before the light turned red.
Irving J. Mathieu, a disinterested eyewitness, was traveling down the Thruway in the same lane as the Reddoch vehicle some distance behind him. He followed the Red-doch and Thibodaux automobiles through three or four traffic lights traveling toward Jefferson Street. The two young boys, he said, were traveling at a high rate of speed, much faster than his speed of 35 miles per hour. He estimated the speed of the Grigsby vehicle at 25 miles per hour. He testified that both boys squealed out and left rubber from a dead stop after the light on Mudd Avenue changed from red to green about four blocks from the collision.
Mr. Mathieu testified that the light was red for Thruway traffic when the Grigsby car first entered the intersection, which would indicate Mrs. Grigsby entered the intersection on either a green or yellow light. He said the light changed from red to green for Thruway traffic after the Grigsby vehicle was in the intersection. He says the Mustang entered the intersection at a high rate of speed about the instant the light turned green, for Thruway traffic.
The testimony is contradictory. However, there is no testimony to establish that Mrs. Grigsby entered the intersection on a red light. In fact, the evidence preponderates to the effect that she entered the intersection before the light facing Jefferson Street changed to red. The weight of the testimony also reflects that the light changed to green for Thruway traffic after Mrs. Grigsby’s automobile was midway across the intersection.
It can be argued from the circumstances that the light changed to red for Jefferson Street traffic while she was within the intersection. However, there was no direct evidence as to the color of the light when she entered the intersection. No one could say she entered the intersection on a yellow light.
The lights on the Thruway were synchronized for speeds of 30 to 35 miles per hour. When the light turned green for Thruway traffic, the two boys’ cars were only 60 to 90 feet from the intersection. They were traveling 20 to 25 miles per hour over the posted speed limit. Mrs. Grigsby was traveling within the speed limit of 25 miles per hour. From the speeds of the respective vehicles and their positions at the time the collision occurred, it is conceivable that Mrs. Grigsby entered the intersection on a green light. Of course, it is also possible she entered the intersection on a yellow light.
*194 In a civil case, the plaintiff is required to prove his claim by a preponderance of evidence. By the preponderance of evidence is meant evidence which shows the fact sought to be proved is more probable than not. Of course, plaintiff’s proof may be made not only by direct evidence, but may be established by circumstantial evidence. However, a plaintiff relying upon circumstantial evidence is required to produce evidence which excludes, with a fair amount of certainty, every other reasonable hypothesis but the one relied on.
We conclude the evidence reasonably supports the trial judge’s conclusion that plaintiffs failed to prove Mrs. Grigsby was negligent.
For the reasons assigned, the judgment is affirmed. All costs are assessed against plaintiffs and appellants.
Affirmed.